IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROXANNA MAYO,                              §
                                           §
                    Plaintiff,             §
                                           §
VS.                                        §    Civil Action No. 3:17-CV-0548-D
                                           §
DALLAS COUNTY, TEXAS, et al.,              §
                                           §
                    Defendants.            §

MEMORANDUM OPINION
AND ORDER

In this removed case, the court grants plaintiff Roxanna Mayo's ("Mayo's") May 30, 2017

motion for leave to file first amended complaint, and it directs the clerk of court to file her first

amended complaint today.[*]

I

Defendants' opposition to Mayo's motion rests on assertions of futility, undue delay, bad

faith or dilatory motive, and undue prejudice.  But Mayo's motion is presumed to be timely because

it was filed before any deadline for filing motions for leave to amend (there is no deadline at this

point), *see, e.g., Pyramid Transportation, Inc. v. Greatwide Dallas Mavis, LLC*, 2012 WL 5875603,

at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.), and approximately 90 days after the case was

removed to this court.  This court almost invariably declines to consider futility of amendment in

the context of a motion for leave to amend.  And as this court has frequently noted, its almost

_____

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion"
adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the
court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written,
however, primarily for the parties, to decide issues presented in this case, and not for publication in
an official reporter, and should be understood accordingly.

unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer. *See, e.g., Klein v. Fed. Ins. Co.*, 2014 WL 239652, at \*6 (N.D. Tex. Jan. 22, 2014) (Fitzwater, C.J.). Nor is the court persuaded that Mayo is acting in bad faith or with a dilatory motive, or that defendants will be unduly prejudiced by granting leave to amend at this early stage of the case (it was removed on February 24, 2017, and no scheduling order has been entered). To the extent that requiring re-briefing of defendants' pending motions for judgment and to dismiss would cause prejudice, the court can ameliorate such prejudice by permitting defendants to adopt their pending motions and briefing when moving for relief in relation to Mayo's first amended complaint. And although a plaintiff who seeks to amend for purposes of dropping all federal claims and securing a remand may be acting in bad faith (e.g., for purposes of forum manipulation), this is not invariably the case. In fact, it is an approach that is regularly followed in good faith in this court. *See, e.g., Franklin v. City of Dallas*, 2017 WL 2666246, at \*3 (N.D. Tex. June 21, 2017) (Fitzwater, J.) (holding that case was removable based on presence of federal-law claim, but permitting plaintiff to voluntarily dismiss that claim, and stating that if plaintiff dismissed federal-law claim, court would likely remand balance of case to state court under its discretion and in accordance with usual procedure).

In view of the order granting Mayo leave to amend, the following motions are denied without prejudice: defendant Dallas County's March 17, 2017 motion for judgment on the pleadings; the March 21, 2017 motion of defendants City of Dallas, et al. to dismiss the plaintiff's claims alleged against them in the plaintiff's original petition; defendant AT&T's March 22, 2017 motion to dismiss; and plaintiff's April 3, 2017 opposed motion to stay, and in the alternative, unopposed

motion to extend time to respond to defendants AT&T's and the City of Dallas' motions to dismiss and Dallas County's motion for judgment on the pleadings.

A defendant who files a motion in response to Mayo's first amended complaint may do so by adopting a prior motion and/or briefing, provided the party identifies the adopted motion and/or briefing by date filed and ECF document number.

II

Where all federal-law claims have dropped out of the case, and the parties are not diverse citizens, this court has the discretion to remand the case. *See, e.g., Burnett v. Petroleum Geo-Services, Inc.*, 2013 WL 1723011, at *5 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim supporting federal question jurisdiction). To determine whether to exercise jurisdiction or to remand, the court balances "the statutory factors set forth by 28 U.S.C. § 1367(c)," "the common law factors of judicial economy, convenience, fairness, and comity," and the threat of "improper forum manipulation." *Burnett,* 2013 WL 1723011, at *5 (citing *Enochs v. Lampasas Cnty.,* 641 F.3d 155, 159 (5th Cir. 2011)). This court has exercised its discretion to remand removed cases where it lacks diversity jurisdiction, only state-law claims remain, and all federal claims have dropped out early in the case. *See, e.g., Duncan Interiors, Inc. v. Design 11 Studio, LLC*, 2013 WL 1820918, at *1 (N.D. Tex. Apr. 30, 2013) (Fitzwater, C.J.).

Accordingly, if, within 14 days of the date this memorandum opinion and order is filed, Mayo moves the court to remand the case to state court, the court will determine after considering any opposition response whether to remand the case.

**SO ORDERED**.

July 6, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE