IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROXANNA MAYO, Individually and as the Next Friend of M. Mayo (a Minor), | § § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | Civil Action No. 3:17-CV-0548-D |
| CITY OF DALLAs, TEXAS, et al., | | |
| Defendants. | | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs Roxanna Mayo, individually and as the next friend of M. Mayo (a minor) (collectively, "Mayo"), moves to remand this removed case to state court. The court grants the motion.*

As the court noted when granting Mayo's motion for leave to file first amended complaint, where all federal-law claims have dropped out of the case, and the parties are not diverse citizens, the court has the discretion to remand the case. *See, e.g., Burnett v. Petroleum Geo-Services, Inc.*, 2013 WL 1723011, at *5 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim supporting federal question jurisdiction). To determine whether to exercise jurisdiction or to remand, the court balances "the statutory factors set forth by 28 U.S.C. § 1367(c),"

---

*Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

"the common law factors of judicial economy, convenience, fairness, and comity," and the threat of "improper forum manipulation." *Burnett,* 2013 WL 1723011, at *5 (citing *Enochs v. Lampasas Cnty.,* 641 F.3d 155, 159 (5th Cir. 2011)). The court has exercised its discretion to remand removed cases where it lacks diversity jurisdiction, only state-law claims remain, and all federal claims have dropped out early in the case. *See, e.g., Duncan Interiors, Inc. v. Design 11 Studio, LLC*, 2013 WL 1820918, at *1 (N.D. Tex. Apr. 30, 2013) (Fitzwater, C.J.).

Defendants acknowledge in their opposition to Mayo's motion that she has dropped all federal claims. They maintain, however, that Mayo is attempting to manipulate the forum and is contemplating reasserting at least some federal claims at a later date. But if Mayo does that, the case can be removed anew. The court, after considering the relevant factors, concludes in its discretion that it should not exercise jurisdiction over a case that has only been pending in this court since February 24, 2017, is between non-diverse parties, and involves only state-law claims.

Accordingly, Mayo's motion to remand is granted, and this case is remanded to the 68th Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand according to the usual procedure.

**SO ORDERED**.

September 11, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE